[Civ. No. 2285. Second Appellate District.—May 13, 1918.]

## S. E. PULLIN, Respondent, v. W. S. ALLEN et al., Appellants.

ATTORNEY AND CLIENT—COLLECTION OF MONEY—RIGHT OF RETENTION PENDING DETERMINATION OF COMPENSATION—EVIDENCE—ACTION FOR CONVERSION.—An action for conversion cannot be maintained against attorneys at law for a sum of money collected by them for a client where, under the facts of the case, the attorneys had the right to retain the possession of the money until it was legally ascertained that a reasonable compensation for their services amounted to a less sum than that collected.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Frank P. Doherty, and Allen & Allen, for Appellants.

Courtney Lacey, and A. S. Bongiorno, for Respondent.

JAMES, J.—Defendants appeal from the judgment. The action was brought for the alleged conversion of the sum of five hundred dollars, which by the complaint it was asserted belonged to the plaintiff. The defendants made answer, first specifically denying the allegations of the complaint. It was then alleged that defendants had rendered professional services for the plaintiff to the reasonable value of the sum of five hundred dollars; that in the course of their employment the defendants came into possession of certain moneys and property as the result of the professional services rendered to said plaintiff, and that said defendants, after deducting their expenses, costs, and fees in the sum of five hundred dollars, delivered all of the remainder and residue of said moneys and property to the plaintiff. The undisputed evidence in the case showed that the defendants, as attorneys at law, were engaged by the plaintiff to attend to litigation already commenced as well as threatened against the plaintiff. That the services were rendered in a satisfactory manner, no dispute is made. A part of the services required of the defendants was to attempt the negotiation of the interests of the plaintiff in the furniture of a certain apartment house. After attending to the clearing up of certain mortgage liens against this property, defendants secured a purchaser for the interests of the plaintiff, and upon a sale of such interests received certain moneys into their hands in excess of the sum of five hundred dollars. After the work had all been completed defendants made return to the plaintiff of all moneys except the sum of five hundred dollars, which latter sum they retained, claiming the right so to do under the understanding had with the plaintiff that they were to receive a reasonable fee for their services. It seems to be indicated beyond all question that the agreement between the parties was that defendants should be paid out of the moneys in their hands for the services which they had rendered. It would seem to be immaterial, therefore, whether, as defendants assert, they possessed a lien upon the money independent of any agreement entitling them to retain such a sum as would reasonably compensate them for their work. Plaintiff in her testimony did not claim to have paid to the defendants any money in compensation for the services rendered, but only sought to show that the sum of five hundred dollars was an excessive amount to be allowed. After considerable of the services which defendants had been engaged

to perform were rendered, a conversation occurred between the plaintiff and one of the defendants relative to the fee to be charged. Plaintiff on that point testified that in conversation with Mr. W. S. Allen she then said: "Why, yes. I am going to give you one hundred dollars of it. He said, 'You do not think you are going to get off with one hundred dollars for me with all this work?' He said, 'You do not think you are going to give me one hundred dollars?'. I said, 'Certainly I am going to give you one hundred dollars—I insist on giving you one hundred dollars.' 'Well,' he said, 'I won't take less than five hundred dollars, and I wouldn't do it again for one thousand dollars.'" The sister of the plaintiff, referring to the same conversation, testified as follows: "We were talking to Mr. Allen and I was sitting at my desk, and we were talking about the business and talking about the rebating. Then I said again, 'But, Mr. Allen, we are going to give you one hundred dollars out of this, and by the time we have paid up everybody, where does my sister come out.'" She added that Mr. Allen replied that he was going to charge $500 for the work, and that she said, "You are just joking," and that he said, "I am not joking." It was after this conversation was had that the sale of the furniture interests was made and the proceeds collected by the defendants. As we have before noted, the matter of the right of the defendants to retain out of the money collected a reasonable fee was not questioned by the plaintiff. Conceding, as we think must be admitted, that under the facts of the case the defendants had the right to retain possession of the five hundred dollars until it was legally ascertained that a reasonable compensation for their services amounted to a less sum, then it must follow that until such ascertainment was had there would be no ground for the action of conversion. There could be no conversion while the right to retain the money existed. By the verdict of the jury the plaintiff was awarded judgment in the sum of $250. Instructions were offered by the defendants and refused by the court, advising the jury of the essential matters necessary to make out a cause of action for conversion. We think that the defendants were entitled to have the offered instructions on these points given. They were also entitled to have an instruction, which was offered and refused by the court, given touching the matter of where the burden of proof rested in the action. The court did instruct the jury as to what was meant by the term "preponderance of the evi-

dence,'' but, so far as we can find from the transcript, gave no instruction at all as to the burden of proof being upon the plaintiff to establish her cause of action by such a preponderance of the proof. We do not think it was error to refuse offered instructions on the matter as to whether there was an agreement to pay the sum of five hundred dollars as compensation for defendants' services. Defendants base their right to have this instruction given upon the evidence showing the conversation had between defendant W. S. Allen and the plaintiff after a considerable part of the services for which compensation was claimed had been rendered. The argument is that as the defendants then stated that they would charge five hundred dollars for their services, because the plaintiff accepted further services in the same matter she would become bound to pay the amount claimed. We do not believe that the facts shown by that conversation are sufficient to make it appear that the plaintiff became bound as by agreement to pay the amount alleged. That conversation showed merely that the plaintiff and defendants were wide apart in their ideas as to what a reasonable compensation would be. The plaintiff asserted that she was going to pay one hundred dollars and the defendant W. S. Allen asserted that the charge would be five hundred dollars. The question of the amount of compensation was not there settled, but was left an open and disputed matter. The trial judge treated that question as being the only one in the case; for in his instruction to the jury he said: ''The facts in this case are comprised in a very small compass. It is admitted that the defendants retained five hundred dollars. No complaint is made at all of their services in the way that any portion of the money was spent. It is claimed they retained five hundred dollars. It is admitted that they are entitled to some part of that on account of their services, and it is for you to determine what part they are entitled to, or whether or not they are entitled to all of it. That is all there is to this case.'' The remainder of the instructions given consisted principally of a statement of general rules for the guidance of the jury in arriving at a verdict. In the particulars which we have hereinbefore pointed out, we think that the charge was not as complete as the defendants were entitled to have given.

The judgment appealed from is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.